# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7213 | **DATE** | 9/24/2010 |
| **CASE TITLE** | United States of America vs. Troy Lawrence (#14313-424) | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's motion for judicial notice [20] and for reconsideration [22] are denied.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　　This matter is before the court on Defendant Troy Lawrence's (Lawrence) "Motion for Judicial Notice," (Mot. Reopen. 1), and motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 60(b) (Rule 60(b) Motion). On July 30, 2010, this court denied Lawrence's petition to correct his sentence brought pursuant to 28 U.S.C. § 2255 (Section 2255 Motion). Lawrence argues in the instant motions that the court failed to take into consideration his reply for his Section 2255 Motion. On May 10, 2010, the court set a revised briefing schedule for the Section 2255 Motion under which Lawrence's reply was due by June 11, 2010. Lawrence then requested an extension, and the court extended the deadline for the filing of the reply to July 9, 2010. The court also indicated that it would be the final extension. The docket indicates that Lawrence did not file his reply by July 9, 2010, and on July 30, 2010, the court denied the Section 2255 Motion. The docket indicates that on August 3, 2010, Lawrence filed an untimely reply. On August 26, 2010, Lawrence filed the "Motion for Judicial Notice" and on September 20, 2010, Lawrence filed the Rule 60(b) Motion. Lawrence requests that the court take into consideration the reply and reconsider the ruling denying the Section 2255 Motion.

　　　Lawrence contends that on July 7, 2010, he filed a timely reply. (Mot. 1) However, the docket does

| STATEMENT |
|---|
| not reflect any such filing. Also, the exhibits attached to the instant motions do not establish that Lawrence's reply was timely. Lawrence also contends that he placed his reply in the prison mail system by July 7, 2010, but that the Clerk of the Court did not enter his reply on the docket until August 3, 2010. Further, even if Lawrence could show that his reply was timely, the court has reviewed the reply and it does not warrant a reconsideration of the denial of the Section 2255 Motion. While Lawrence has provided more information to the court in his reply, such as details concerning his Sixth Amendment argument, Lawrence has not shown that, even when considering his reply, his Section 2255 Motion has any merit. Therefore, we deny the instant motions. |