Order Form (01/2005)

# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Samuel Der-Yeghiayan | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7213 | **DATE** | 11/2/2010 |
| **CASE TITLE** | USA vs. Troy Lawrence (#14313-424) | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Petitioner's request for a certificate of appealability is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Petitioner Troy Lawrence's (Lawrence) request for a certificate of appealability. On July 30, 2010, the prior judge in this action denied Lawrence's petition to correct his sentence brought pursuant to 28 U.S.C. § 2255 (Section 2255 Motion). This action was reassigned to the undersigned judge, and on September 24, 2010, this court denied Lawrence's motion for reconsideration of the denial of his Section 2255 Motion. On October 13, 2010, Lawrence filed a notice of appeal, and on October 26, 2010, Lawrence filed a second notice of appeal. The filing of the notices of appeal operated as a request for a certificate of appealability. *See West v. Schneiter*, 485 F.3d 393, 394-95 (7th Cir. 2007)(stating that "[a] notice of appeal acts as a request for a certificate whether or not the prisoner files a separate application").

If a court denies a petition for writ of *habeas corpus*, and the petitioner wishes to appeal, thereby challenging the decisions made by the state trial courts, the petitioner must first attempt to obtain a certificate of appealability from the district court. 28 U.S.C. § 2253(c). A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). When a petitioner's request is premised solely upon the filing of a notice of appeal, the petitioner "is hard put to meet the statutory standard. . . ." *West*, 485 F.3d at 394-95. Since Lawrence has not filed any memorandum in support of a request for a certificate of appealability, he has not put forth any arguments relating to the request. *See id.* (stating that "[a] notice of appeal does not give reasons, and a silent document rarely constitutes a substantial showing of anything")(internal quotations omitted). Lawrence argued in his Section 2255 Motion: (1) that the Controlled Substance Act of 1970 was unconstitutional, (2) that there was no single, ongoing conspiracy in Lawrence's criminal case, (3) that Lawrence's Sixth Amendment rights were violated because he was not afforded an opportunity to confront witnesses and because statements made by co-Defendants were admitted, (4) that Lawrence does not have sufficient criminal convictions to require a mandatory life sentence, (5) that Lawrence's sentence is disproportionate to a sentence he would have received if his offense had involved powder cocaine instead of crack, (6) that the court's jury instructions on reasonable doubt, conspiracy, the elements of the offenses, witness testimony, and presumptions violated Lawrence's due process rights, (7) that Lawrence was not tried within the time required under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, (8) that Lawrence was denied his right to counsel because of the Government's intrusion into the attorney-client relationship, (9) that there was insufficient evidence to support a conviction against Lawrence, (10) that wiretap evidence was improperly admitted at trial since it was not preserved and was tainted, (11) that a reference at trial to the motion picture "New Jack City" warranted a mistrial, and (12) that Lawrence received ineffective assistance of counsel at trial and on appeal for a variety of reasons. The prior judge concluded that Lawrence had not shown any of the above-listed arguments to be meritorious and he therefore denied the Section 2255 Motion. Having reviewed the prior judge's ruling and the record, we conclude that Lawrence has not made a substantial showing of the denial of a constitutional right and there has not been any showing by Lawrence that reasonable jurists could debate whether the Section 2255 Motion should have been resolved in a different manner. Nor has Lawrence shown that the issues presented in his Section 2255 Motion were adequate to deserve encouragement to proceed further on appeal. Therefore, we deny the

| **STATEMENT** |
|---|
| request for a certificate of appealability. |